UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-cr-046-Z-BR-1 |
| | § | |
| JERRY PAT DAVIS | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
CONCERNING PLEA OF GUILTY**

JERRY PAT DAVIS, by consent, under authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), has appeared before me pursuant to FED. R. CRIM. P. 11, and has entered a plea of guilty to Count 1 of the Indictment. JERRY PAT DAVIS previously filed a written consent to appear via Video Teleconference ("VTC"), pursuant to Special Order 13-9 signed by Chief Judge Lynn on March 29, 2020, for his guilty plea hearing. After cautioning and examining JERRY PAT DAVIS under oath concerning his consent to appear for such hearing via VTC, I determined that the consent to proceed via VTC was knowledgeable and voluntarily made.[1] After cautioning and examining JERRY PAT DAVIS under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense. I therefore recommend that the plea of guilty be accepted, and that JERRY PAT DAVIS be adjudged guilty of 26 U.S.C. § 7201 - ATTEMPT TO EVADE OR DEFEAT TAX and have sentence imposed accordingly. After being found guilty of the offense by the District Judge,

☐ The defendant is currently in custody and should be ordered to remain in custody.

☒ The defendant must be ordered detained pursuant to 18 U.S.C. § 3143(a)(1) unless the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community if released.

  ☒ The Government does not oppose release.

  ☒ The defendant has been compliant with the current conditions of release.

---

[1] After the beginning of the VTC, Mr. Davis and his attorney Mr. Herman lost video capability. They were able to maintain audio capability and consented to finishing the proceeding with only audio capability.

☒ I find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community if released and should therefore be released under § 3142(b) or (c).

☐ The Government opposes release.

☐ The defendant has not been compliant with the conditions of release.

☐ If the Court accepts this recommendation, this matter should be set for hearing upon motion of the Government.

☐ The defendant must be ordered detained pursuant to 18 U.S.C. § 3143(a)(2) unless (1)(a) the Court finds there is a substantial likelihood that a motion for acquittal or new trial will be granted, or (b) the Government has recommended that no sentence of imprisonment be imposed, or (c) exceptional circumstances are clearly shown under § 3145(c) why the defendant should not be detained, and (2) the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community if released.

**SIGNED MAY 28, 2020.**

*[signature: Lee Ann Reno]*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).